NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1740
_____

UNITED STATES OF AMERICA

v.

RAMON ORTIZ,
                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2-16-cr-00129-001)
District Judge: Honorable Jan E. Dubois
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 9, 2017

Before: SMITH, *Chief Judge*, HARDIMAN, *Circuit Judge*, and
BRANN, *District Judge*.[*]

(Filed: November 16, 2017)
_____

OPINION[**]
_____

---

[*] The Honorable Matthew W. Brann, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

BRANN, *District Judge*.

Ramon Ortiz appeals an order of the District Court denying his motion to suppress evidence. Because we agree with the conclusion of the District Court, we will affirm.

I

On the evening of January 13, 2016, Officer John Leible stopped Ramon Ortiz's vehicle after observing Ortiz fail to stop at a stop sign in a Philadelphia neighborhood known to the officer as a high crime area. Officer Leible activated the emergency lights on his marked police cruiser and Ortiz pulled his vehicle over. Before Officer Leible could approach the car, Ortiz exited his vehicle and began walking across the street. Officer Leible ordered Ortiz to return to his vehicle, which he did, leaving the driver's side door open. When Officer Leible approached, Ortiz acted "nervously" and reached for his pockets, his waist, and the center console of the vehicle—known to the officer as locations where individuals often hide weapons. When asked for his driver's license, automobile insurance card, and vehicle registration card, Ortiz handed Officer Leible the wrong documents. Thrice during the encounter, Ortiz placed his left leg on the ground outside the vehicle, prompting Officer Leible's repeated instructions to put his leg back in the car.

Based on Ortiz's "nervous, very fidgety" movements, Officer Leible sought to frisk both Ortiz and his vehicle for weapons. Officer Leible asked Ortiz to exit the vehicle and, following a pat down for weapons, found none on Ortiz's person. Officer Leible next "frisked" the vehicle by looking in any areas where a weapon could possibly

2

be hidden.  When he approached the rear driver's side of the vehicle, Officer Leible smelled the odor of marijuana and spotted a bag on the floor under the driver's seat. Officer Leible discovered both marijuana and two firearms concealed in the bag.  Ortiz was then placed into custody and ultimately charged with both simple possession of marijuana and possession of a firearm by a convicted felon.  Appellant unsuccessfully moved to suppress in the District Court, and, following the imposition of sentence, the instant appeal ensued.

## II[1]

### A

"We review a district court's order denying a motion to suppress under a mixed standard of review, exercising plenary review over legal determinations and reviewing findings of fact for clear error."  *U.S. v. Navedo*, 694 F.3d 463, 467 (3d Cir. 2012).

Ortiz argues that the District Court erred in not suppressing the evidence, asserting that his movements after being stopped for a traffic violation were insufficient to supply reasonable suspicion to search his vehicle.  We disagree and affirm the District Court because the police officer who engaged in a protective search of Ortiz's vehicle had an objectively reasonable suspicion to believe that criminal activity was afoot based on Ortiz's suspicious behavior during a lawful traffic stop.

### B

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise appellate jurisdiction under 28 U.S.C. § 1291.

We must first ensure that the traffic stop was lawful at its inception; second, we must determine if the frisk was lawful. "In *Whren v. United States*, 517 U.S. 806 (1996), the Supreme Court established a bright-line rule that any technical violation of a traffic code legitimizes a stop.…" *U.S. v. Mosley*, 454 F.3d 249, 252 (3d Cir. 2006). Officer Leible testified during the suppression hearing that he witnessed Ortiz fail to stop at a stop sign and Ortiz provided no evidence to refute that testimony. As such, the initial traffic stop of Ortiz's vehicle was constitutionally permissible.

We next examine the facts attested to as justification for the protective search. At the hearing, Officer Leible testified "to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience." *Terry v. Ohio*, 392 U.S. 1, 27 (1968). Specifically, Officer Leible testified that Ortiz was "nervous and very fidgety." He further testified that Ortiz was reaching for areas known to the officer as those in which weapons may be hidden—namely Ortiz's waistband, pockets, and the vehicle's center console. Officer Leible also testified that Ortiz initially exited the vehicle and began walking across the street, and subsequently, after being ordered to remain in the vehicle, persistently placed his leg out of the car door despite contrary instructions to do otherwise.

Given "the whole picture" that Officer Leible testified to—Ortiz immediately exiting his car, his fidgety movements, his hands moving to locations where individuals typically secrete weapons, and his repeated placement of his leg outside the vehicle—it is evident that the officer had a "particularized and objective basis for suspecting the particular person stopped of criminal activity." *U.S. v. Cortez*, 449 U.S. 411, 417 (1981).

4

Accordingly, Officer Leible had a reasonable belief, based on the facts he articulated, to justify a protective search of Ortiz's vehicle.

The United States Supreme Court has long confirmed the "conclusion that the search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons." *Michigan v. Long*, 463 U.S. 1032, 1049 (1983). Here, it was reasonable for Officer Leible to search the passenger compartment of the automobile to ensure that Ortiz would not gain immediate control of a weapon should he ultimately have been permitted to return to his vehicle.

III

For the reasons stated, we will affirm the District Court's Order denying Ortiz's motion to suppress evidence.